BERZON, Circuit Judge,
dissenting in part:
I dissent as to the retaliation claim regarding the 2006 suspension; otherwise I concur.
In my view, there was sufficient evidence regarding the 2006 suspension from which a reasonable jury could infer that a retaliatory motive was at work. Paul Weintraub admitted at his deposition that he harbored ill-feeling toward Davis because of the 1994 lawsuit. Weintraub was involved in the decision to suspend Davis for two days in 2006; he was interviewed about the Horne incident and informed the investigator of his distrust of Davis, even though, as he recognized in his deposition, his opinion of Davis had nothing to do with the event being investigated. Also, Wein-traub had approved Davis’s plan to meet with Horne before Horne began a rotation in Davis’s unit, a plan proposed because Davis would be away when Horne began work.
The notion that the meeting was somehow seriously embarrassing to Horne could be seen as pretextual. The meeting *234 was entirely private, and the investigation did not suggest that the mode of interaction was inappropriate. And, whether or not Horne made homophobic comments is on this record disputable; a reasonable jury could conclude that Davis believed in good faith that he did.
In sum, there is evidence from which a reasonable jury could conclude that an individual with a retaliatory motive influenced the decision, and that the reasons given for the decision were pretextual, thus bolstering the inference of retaliatory motive. I would therefore reverse the grant of summary judgment to the City of Seattle as to this one retaliation claim only, and would otherwise affirm.